IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

FILED
2011 NOV 17 PM 2:23
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

| | | |
|---|---|---|
| In re: | * | |
| James Riffin | * | Case No. 10-11248 |
| Debtor | * | Chapter 7 |

* * * * * * *

| | | |
|---|---|---|
| JAMES RIFFIN | * | Adversary Proceeding No. 11- 729 - DER |
| Plaintiff | * | |
| V. | * | |
| BALTIMORE COUNTY, MD and | * | |
| MARYLAND DEPARTMENT OF | | |
| THE ENVIRONMENT | * | |
| Defendants | * | |

* * * * * * * * * * * * *

## ORAL ARGUMENT – MOTION TO DISMISS

1. There are two issues before the court:

   A. Is Baltimore County's Motion to Dismiss incurably premature?

   B. Is my Complaint barred by the doctrine of res judicata?

### INCURABLY PREMATURE

2. In *Bell v. Hood,* 66. S.Ct. 773, 776, the Supreme Court held:

   "Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact **it must be decided after and not before the court has assumed jurisdiction over the controversy.**" (Bold added.)

1



3. Summons have not been issued nor served on the defendants. Until the Defendants have been served, the court has not assumed jurisdiction over the controversy. Consequently, Baltimore County's Motion to Dismiss is incurably premature.

4. The Court did not, and still does not, have jurisdiction to dismiss my complaint.

## RES JUDICATA

5. Res judicata has 3 essential elements:

   A. **First**, the prior judgment must have been rendered by a court of competent jurisdiction. I admit the February 22, 2011 prior decision by Judge Keir denying my TRO motion was rendered by a court of competent jurisdiction.

   B. **Second**, the same cause of action and the same parties must have been involved in both suits. Defendant Maryland Department of the Environment **was not** a party to the February 22, 2011 TRO motion. The Supreme Court in *Taylor v. Sturgell*, 128 S.Ct. 2161 (2008), said:

   a. "We disapprove the doctrine of preclusion by 'virtual representation." *Id.* at 2167.

   b. "[W]e have often repeated the general rule that 'one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Id.* 2171.

6. Since Defendant Maryland Dept of the Environment was not a party to the February 22 proceeding, and since 'virtual representation' has been disapproved, the defense of res judicata is not available to Defendant Maryland Dept of the Environment. Consequently, dismissal of my Complaint against Defendant Maryland Dept of the Environment was not appropriate.

7. **Third**, res judicata "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment ... .'" *Sturgell* at 2171.

8. The February 22, 2011 decision denied my motion to enjoin Baltimore County from prosecuting its January 31, 2011 Circuit Court Motion to Enforce / collect a Letter of Credit.

9. In the February 22, 2011 decision, Judge Keir held that my bankruptcy discharge did not void the underlying Circuit Court orders and further held that collecting the Letter of Credit was not barred by the Automatic Stay. Judge Keir went on to say that my bankruptcy discharge **did discharge** my 'personal liability' for prepetition acts. Judge Keir **did not address the issue of whether any of the Circuit Court's orders imposed personal liability on me.**

10. Judge Keir characterized my February TRO motion as an attempt "to prevent remediation and restoration of the premises known as 10919 York Road and 13 Beaver Run Lane." Op. at 2. Judge Keir went on to say:

> "On August 12, 2010, this court on the record set forth its ruling that found that the automatic stay did not stay certain acts as to restoration of the property, the court actions necessary for restoration, an order authorizing a call of the letter of credit securing payment of costs of restoration. An order encompassing that oral ruling was entered on August 18, 2010. The court herein adopts the findings stated in that order and ruling. Mr. Riffin now argues that the subsequent entry of an order of discharge in this bankruptcy case **prevents the actions permitted to be prosecuted by the August 18, 2010 Order finding the automatic stay not applicable. ... Mr. Riffin's argument as to the effect of the order of discharge is wrong as a matter of law.**"

11. Judge Keir then stated:

> "The discharge also renders void any judgment as to personal liability of Mr. Riffin. However, this provision merely voids any judgment for a dischargeable debt as to Mr.

3

Riffin's personal liability. It does not void any such judgment as to a determination of costs to be paid from the letter of credit." Op. at 2 - 3.

12. Judge Keir also stated:

"Consequently other debts arising from prepetition acts and omissions have been discharged, including costs of remediation and restoration. However that discharge order does not prevent Baltimore County from proceeding against the letter of credit nor from entry upon the property for purpose of remediation and restoration. Such acts and actions are not attempts to collect costs of remediation and restoration from Mr. Riffin personally." Op. at 3.

13. My February TRO motion attempted to enjoin Baltimore County from "proceeding against the letter of credit." Since the Letter of Credit is not subject to the Automatic Stay, my February TRO motion was denied.

14. Judge Keir, in his February 22 Order, stated that my personal liability for my prepetition acts had been discharged, including my personal liability for costs of remediation and restoration.

15. Judge Keir did not determine the extent of my personal liability. The purpose for my Adversary Complaint is to determine the extent of my personal liability.

16. Judge Keir held that I was not liable for "prepetition acts" "including costs of remediation and restoration." Op. at 3. Judge Keir did not address what specific "prepetition acts" had been discharged, nor did Judge Keir address what "costs of remediation and restoration" had been discharged. The purpose of the Adversary Complaint is to determine what "prepetition acts" have been discharged and what "costs of remediation and restoration" have been discharged.

17. What "prepetition acts" have been discharged, involves questions of material facts. What "costs of remediation and restoration" involves questions of material facts. The various costs of remediation and restoration have not been determined. That is the purpose of the Adversary Complaint. Baltimore County has failed to prove that these issues of fact have been litigated. Consequently, Baltimore County has not carried its burden of proof with regard to the third element of issue preclusion

18. "Claim preclusion, like issue preclusion, is an affirmative defense. ... Ordinarily, it is incumbent on the defendant to plead and prove such a defense. ... '[A] party asserting preclusion must carry the burden of establishing all necessary elements.' *Sturgell* at 2180.

Respectfully submitted,

/s/ James Riffin

James Riffin
1941 Greenspring Drive
Timonium, MD 21093
(443) 414-6210

## CERTIFICATE OF SERVICE

I hereby certify that on the __17th__ day of November, 2011, a copy of the foregoing Oral Argument – Motion to Dismiss, was hand delivered to: Adam Rosenblatt, counsel for Baltimore County; and to counsel for the Maryland Department of the Environment.

/s/ James Riffin

James Riffin